UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
WILLIAM NORTON              )
      Plaintiff             )
                            )                 C.A. NO.
v.                          )
           MAGISTRATE JUDGE )
                            )
TOWN OF WHITMAN,            )        RECEIPT #_____
JAMES STONE, JR.,           )        AMOUNT $150
MATTHEW POORE,              )        SUMMONS ISSUED
STEPHEN DRASS,              )        LOCAL RULE 4.1
PETER AITKEN,               )        WAIVER FORM
SCOTT BENTON,               )        MCF ISSUED
ANDREW STAFFORD,            )        BY DPTY. CLK.
JASON H. BATES,             )        DATE
JOHN SCHNYER                )
      Defendants.           )
                            )
```

04 11854 JLT

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is a claim for damages arising from the wrongful arrest, imprisonment and prosecution of an innocent man.

### PARTIES

1. The plaintiff, William Norton ("Norton"), is an individual whose last and usual address is 20 Tingley Circle, Braintree, County of Norfolk, Massachusetts 02184.

2. The defendant, James Stone, Jr. ("Stone"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

3. The defendant, Matthew Poore ("Poore"), is an individual employed as a police officer

by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

4. The defendant, Stephen Drass ("Drass"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

5. The defendant, Peter Aitken ("Aitken"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

6. The defendant, Scott Benton ("Benton"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

7. The defendant, Andrew Stafford ("Stafford"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

8. The defendant, Jason H. Bates ("Bates"), is an individual employed as a police officer by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

9. The defendant, John Schnyer ("Schnyer"), is an individual employed as the Chief of Police by the Whitman Police Department, whose residence is unknown to the plaintiff at this time but whose usual place of business is located at 39 Whitman Avenue, Whitman, County of Plymouth, Massachusetts 02382.

10. As police officers, the individual defendants were at all times relevant to Mr. Norton's allegations in this Complaint, acting under color of law pursuant to statutes, ordinances, regulations, policies, customs, patterns, practices and procedures of the Town of Whitman.

11. At all pertinent times the individual defendants were acting within the scope of their employment.

## FACTS COMMON TO ALL COUNTS

12. On or about Saturday, June 5, 2004, at approximately 9:00 p.m., the plaintiff, Mr. Norton, parked his car in a parking lot of a 7-Eleven convenience store located at the intersection of Routes 14 and 18 in Whitman, Massachusetts.

13. Mr. Norton's car was in a legal parking space.

14. At no time was Mr. Norton engaged in any type of illegal activity.

15. Two auxiliary police officers employed by the Town of Norton, Officers Stone and Poore, approached Norton and started to ask him questions.

16. Officers Stone and Poore had observed two Sentry strong boxes and a charm bracelet in a grass field somewhere in front of Norton's car.

17. Norton denied any knowledge of these items, other than seeing them in his headlights when he pulled into the parking space.

18. Other police officers from the Town of Whitman appeared on the scene, including Drass, Benton, Aitken and Stafford.

19. In absence of any probable cause, certain of the officers conducted a search of Norton's car which failed to reveal anything of significance.

20. Mr. Norton was handcuffed, placed under arrest and charged with receiving stolen property over $250.00.

21. A hearing was held on or about July 30, 2004. The court ultimately dismissed the charge against Mr. Norton for lack of probable cause.

## COUNT ONE:
## VIOLATION OF 42 U.S.C. § 1983 v. ALL INDIVIDUAL DEFENDANTS

22. William Norton repeats and realleges each and every allegation above stated as though such allegations were set forth herein.

23. By engaging in the conduct described above, the individual defendants deprived Mr. Norton of clearly established and well settled constitutional rights while acting under color of law. Specifically, the defendants deprived Mr. Norton of rights secured and guaranteed to him by the United States Constitution including, but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person and his Fifth and Fourteenth Amendment rights to due process of law, including but not limited to his right to be free from arrest without probable cause.

24. Further, the wrongful acts were undertaken with grossly reckless disregard of Plaintiff's constitutional rights.

25. Each of the defendants together with the defendant Town of Whitman and the individual

defendants in civil action, engaged in a conspiracy to deprive Mr. Norton of his rights, privileges and immunities as guaranteed and protected by the Constitution of the United States in violation of the provisions of 42 U.S.C. § 1983.

26. As a result of the defendants' violations of Mr. Norton's civil rights, he suffered a loss of freedom, loss of enjoyment of life and extreme emotional distress and was otherwise damaged.

27. The above constitutes violations of 42 U.S.C. § 1983 et seq.

## COUNT TWO:
## VIOLATION OF 42 U.S.C. § 1983
## AGAINST TOWN OF WHITMAN

28. William Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

29. The Town of Whtiman, as an entity, through law enforcement officers at the highest level, encouraged, aided and abetted the violations of law described above by causing individuals to be arrested in the absence of probable cause.

30. In early August 2004, Town of Whitman police officers caused two young boys, aged 12 and 14, to be arrested for doing nothing other than skateboarding in the Town of Whitman. Norton states that these heavy handed arrests are part of a pattern and practice of the Town of Whitman to arrest individuals, without probable cause, whom the officers indiscriminately consider problematic or suspicious.

31. Violations of law described above further constituted a "policy" of the Town of Whitman.

32. Therefore, the Town as an entity, should be liable to the plaintiff per 42 U.S.C. s. 1983.

## COUNT THREE:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

33. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

34. By having engaged in the conduct described above, the Defendants conspired to deprive Mr. Norton of the equal protection of the law or of the equal privileges and immunities under the law, and they acted in furtherance of the conspiracy, which resulted in the injury to Mr. Norton described above, in violation of 42 U.S.C. § 1983.

## COUNT FOUR:
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
### (All Defendants)

35. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

36. By engaging in the conduct described above, including threats, intimidation and coercion, the defendants interfered with and deprived Mr. Norton of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of Massachusetts General Laws Chapter 12, § 11I.

37. As a direct and proximate result of the defendants' violations of M.G.L. c. 12, §11I, Mr. Norton suffered the injuries described above.

## COUNT FIVE:
## FALSE IMPRISONMENT v. INDIVIDUAL DEFENDANTS

38. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

39. On or about June 5, 2004, Mr. Norton was unlawfully and intentionally confined against his will, without right or privilege. This was the direct result of the unlawful conduct of the defendants, jointly and severally.

40. As a direct and proximate result of the acts described above, the plaintiff was falsely imprisoned, deprived of his liberty, and therefore, was damaged.

## COUNT SIX
## MALICIOUS PROSECUTION v. ALL INDIVIDUAL DEFENDANTS

41. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

42. Defendants improperly instituted criminal proceedings against Plaintiff by initiating Plaintiff's arrest without probable cause.

43. The defendants did so with malice.

44. The criminal prosecution of Mr. Norton was legally and finally terminated in his favor on or about July 30, 2004 through a dismissal.

45. As a result of their acts and omissions in causing the institution and continuation of proceedings against Mr. Norton, Defendants proximately caused him great damage.

## COUNT SEVEN
## VICARIOUS LIABILITY

46. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

47. To the fullest extent allowable under any theory of law, the Town of Whitman is vicariously liable for the acts of its agents, servants and employees, including all persons named as defendants, but also including any other persons involved in the unconstitutional and otherwise flawed investigation and aborted prosecution of William Norton.

## COUNT EIGHT:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v.
## ALL INDIVIDUAL DEFENDANTS

48. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

49. The intentional and or grossly reckless actions described above attributable to each defendant, jointly and severally were outrageous and beyond the scope of common decency.

50. The intentional and or grossly reckless actions described above attributable to each defendant, caused the plaintiff to suffer great emotional distress.

## COUNT NINE:
## NEGLIGENCE PURSUANT TO M.G.L. c. 258 v. TOWN OF WHITMAN
## (INACTIVE COUNT - COMPLAINT TO BE AMENDED AFTER SERVICE OF DEMAND LETTER)

51. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and

incorporates them by reference as if fully and completely set forth herein.

52. Counsel for Mr. Norton intends to serve the Town of Whitman with a demand letter in compliance with M.G.L. c. 258 s.4, alleging negligence for the reasons set forth above.

53. Upon the expiration of six months from service, and in the event that no offer of settlement has been made by the Town of Whitman, plaintiff shall move to amend the complaint to render this count active as against the Town of Whitman.

54. Plaintiff alleges that the Town of Whitman's negligence, as set forth in the above complaint, caused the plaintiff great damage.

## COUNT TEN
## VIOLATION OF 42 U.S.C. § 1983
## AGAINST DEFENDANT SCHNYER
## SUPERVISORY LIABILITY THEORY

55. Mr. Norton repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

56. When the individual police officers of the Town of Whitman violated the constitutional rights of Mr. Norton, as described above, they were under the authority and command of the defendant John Schnyer, Chief of Police of the Town of Whitman.

57. Schnyer failed to provide adequate supervision of the individual police officers. Moreover, they have (on information and belief) (1) failed to discipline any officer knowing that they violated the rights of citizens and (2) actively or at least tacitly encouraged the individual officers to rush to judgment and falsely arrest suspects without probable cause.

58. In this particular case, Schnyer, in violation of 42 U.S.C. § 1983, was grossly negligent

and deliberately, recklessly or callously indifferent to the constitutional rights of Mr. Norton, and grossly negligent in their hiring, training and supervision of individual police officers.

59. Schnyer, in violation of 42 U.S.C. § 1983, was grossly negligent and deliberately, recklessly or callously indifferent to the constitutional rights of Mr. Norton and others by creating a policy of encouraging Town of Whitman Police Officers to indiscriminately and excessively arrest individuals without probable cause.

60. As a direct and proximate cause of the deliberate, reckless or callous indifference to civil rights and the gross negligence of Defendant Schnyer to the great danger to the citizenry including William Norton, the individual defendant officers deprived Mr. Norton of his right to the security of his person and the right to liberty in violation of the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendments which constitutes a violation of 42 U.S.C. § 1983.

61. As a direct and proximate cause of the deliberate, reckless or callous indifference or gross negligence of the individual defendant police officers, Mr. Norton was deprived of his constitutional rights in violation of 42 U.S.C. § 1983 and has suffered great damage.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1. Order judgment in Plaintiff's favor in such amount as will fully compensate him for his losses to the greatest extent allowed by law;

2. Order such punitive damages as are allowed by law;

3. Use its fullest equitable powers to order the Defendants:

   a.   to write complete and truthful police reports;

   b.   to testify truthfully in court;

   c.   To assist in any proceedings to expunge Mr. Norton's criminal record of the offense with which he was falsely charged.

4. Use its fullest equitable powers to order Defendants to institute appropriate police training, supervision and disciplinary response that will require and promote:

   a.   truthful police behavior;

   b.   use of constitutional identification procedures.

5. Order payment of interest, costs and attorneys fees pursuant to 42 U.S.C. §§ 1983, 1988, M.G.L c. 12, § 11H and I, and any other statute or common law theory applicable on the current state of the record.

6. Order such further relief as this Court deems fair and just.

## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

RESPECTFULLY SUBMITTED,
WILLIAM NORTON

By his attorneys,

Robert S. Sinsheimer, Esq., BBO # 464940
Susan E. Sivacek, Esq., BBO # 644771
Sinsheimer & Associates
Four Longfellow Place, Suite 3501
Boston, MA 02114-9505
(617) 722-9954

Dated: August 25, 2004

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____
   __NORTON    v.   TOWN OF WHITMAN ET AL_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _✓_  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   **04 11854 JLT**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   _____NO_____

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? ____NO_____
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? ____NO_____

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES_____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES_____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME___ROBERT S. SINSHEIMER, ESQ.___
ADDRESS___4 LONGFELLOW PL, #3501, BOSTON, MA 02114___
TELEPHONE NO.___(617) 722-9954___

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM NORTON

## DEFENDANTS
TOWN OF WHITMAN, ET AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: PLYMOUTH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROBERT S. SINSHEIMER, ESQ.   BBO#464940
4 LONGFELLOW PLACE, #3501
BOSTON, MA  02114        617-722-9954

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

THIS IS A CLAIM FOR DAMAGES MADE PURSUANT TO 42 USC 1983 AND ARISING FROM THE WRONGFUL ARREST, IMPRISONMENT AND PROSECUTION OF AN INNOCENT MAN.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 8/25/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____