# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WILLIAM NORTON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 04-11854 JLT** |
| | ) | |
| **TOWN OF WHITMAN,** | ) | |
| **JAMES STONE, JR., MATTHEW POORE,** | ) | |
| **STEPHEN DRASS, PETER AITKEN,** | ) | |
| **SCOTT BENTON, ANDREW STAFFORD,** | ) | |
| **JASON H. BATES, and JOHN SCHNYER,** | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT
## AND JURY DEMAND

### INTRODUCTION

The introductory paragraph contained within the plaintiff's Complaint constitutes a statement of the case to which no response is required from the defendants. To the extent that the allegations contained within the introductory paragraph are deemed to be allegations of fact, those allegations are denied.

### PARTIES

1.  The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2.  Denied.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. The allegations contained within paragraph 10 of the plaintiff's Complaint constitute conclusions of law to which no response is required from these defendants. To the extent that the allegations contained within paragraph 10 are deemed to constitute allegations of fact, those allegations are admitted by all defendants.

11. The allegations contained within paragraph 11 of the plaintiff's Complaint constitute conclusions of law to which no response is required from these defendants. To the extent that the allegations contained within paragraph 11 are deemed to constitute allegations of fact, those allegations are admitted by all defendants.

## FACTS COMMON TO ALL COUNTS

12. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 12 of the plaintiff's Complaint.

13. The defendants object to the phrase "legal parking space" contained within paragraph 13 of the plaintiff's Complaint on the grounds that the defendants cannot reasonably respond to the allegations contained within paragraph 13 because the phrase is so unduly vague and ambiguous. In further answering, the defendants state that, on or about Saturday, June 5, 2004, at approximately 9:00 p.m., the plaintiff's car was parked on private property, the parking lot for the 7-Eleven convenience store located at the intersection of Routes 14 and 18 in Whitman, Massachusetts.

14. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 14 of the plaintiff's Complaint.

15. The defendants admit that at or about 9:00 p.m. on June 5, 2004, the defendants, James Stone, Jr. and Matthew Poore, who at the time were employed as auxiliary police officers for the Town of Whitman, approached the plaintiff and asked the plaintiff questions. The defendants deny the remaining allegations contained within paragraph 15 of the plaintiff's Complaint.

16. The defendants admit that when Officer Stone and Officer Poore were speaking with the plaintiff, two Sentry strong boxes were observed on the ground directly in front of the plaintiff's car and on the edge of the grass field that were heavily damaged about the locks and appeared to have been pried open. Moments later, a charm bracelet was observed on the ground within a few feet of where the plaintiff was standing by the side of his car. The defendants deny the remaining allegations contained within paragraph 16 of the plaintiff's Complaint.

17. Admitted.

2

18.    Admitted.

19.    Denied.

20.    Admitted.

21.    The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 21 of the plaintiff's Complaint.

## COUNT ONE
## VIOLATION OF 42 USC § 1983 v. ALL INDIVIDUAL DEFENDANTS

22.    The defendant repeats their responses to paragraphs 1 through 21 and incorporate the same herein as if fully set forth.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## COUNT ONE
## VIOLATION OF 42 USC § 1983 v. ALL INDIVIDUAL DEFENDANTS

22.    The defendants repeat their responses to paragraphs 1 through 21 and incorporate the same herein as if fully set forth.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

3

## COUNT TWO
## VIOLATION OF 42 USC § 1983 v. TOWN OF WHITMAN

28.    The defendants repeat their responses to paragraphs 1 through 27 and incorporate the same herein as if fully set forth.

29.    Denied.

30.    The defendants object to and move to strike the allegations asserted in paragraph 30 of the plaintiff's Complaint on the grounds that said allegations are irrelevant and do not pertain to the facts at issue in this lawsuit.  Notwithstanding said objections and without waiving same, the defendants deny the allegations contained within paragraph 30 of the plaintiff's Complaint.

31.    The defendants object to and move to strike the allegations asserted in paragraph 31 of the plaintiff's Complaint on the grounds that said allegations are irrelevant and do not pertain to the facts at issue in this lawsuit.  The defendants object to the phrase "Violation of law described above" contained within paragraph 31 of the plaintiff's Complaint on the grounds that the defendants cannot reasonably respond to the allegations contained within paragraph 31 because the phrase is so unduly vague and ambiguous and fails to delineate with specificity which violations are alleged..  Notwithstanding said objections and without waiving same, the defendants deny the allegations contained within paragraph 31 of the plaintiff's Complaint.

32.    Denied.

## COUNT THREE
## CONSPIRACY IN VIOLATION OF 42 USC § 1983

33.    The defendants repeat their responses to paragraphs 1 through 32 and incorporate the same herein as if fully set forth.

34.    Denied.

## COUNT FOUR
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## (All Defendants)

35.    The defendants repeat their responses to paragraphs 1 through 34 and incorporate the same herein as if fully set forth.

36.    Denied.

4

37.    Denied.

## COUNT FIVE
## FALSE IMPRISONMENT v. ALL DEFENDANTS

38.    The defendants repeat their responses to paragraphs 1 through 37 and incorporate the same herein as if fully set forth.

39.    Denied.

40.    Denied.

## COUNT SIX
## MAKISCIOUS PROSECUTION v. ALL DEFENDANTS

41.    The defendants repeat their responses to paragraphs 1 through 40 and incorporate the same herein as if fully set forth.

42.    Denied.

43.    Denied.

44.    The defendants admit that on or about July 30, 2004, the criminal charges brought against the plaintiff were dismissed and deny the remaining allegations contained within paragraph 44 of the plaintiff's Complaint.

45.    Denied.

## COUNT SEVEN
## VICARIOUS LIABILITY

46.    The defendants repeat their responses to paragraphs 1 through 45 and incorporate the same herein as if fully set forth.

47.    Denied.

## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. ALL DEFENDANTS

48.    The defendants repeat their responses to paragraphs 1 through 47 and incorporate the same herein as if fully set forth.

49.   Denied.

50.   Denied.

**COUNT NINE**
**NEGLIGENCE PURSUANT TO M.G.L. c. 258 v. TOWN OF WHITMAN**

51.   The defendants repeat their responses to paragraphs 1 through 50 and incorporate the same herein as if fully set forth.

52.   The allegations contained within paragraph 52 of the plaintiff's Complaint do not constitute allegations of fact to which any response is required from the defendants. The allegations contained within this paragraph allege possible future actions and should therefore be stricken.

53.   The allegations contained within paragraph 53 of the plaintiff's Complaint do not constitute allegations of fact to which any response is required from the defendants. The allegations contained within this paragraph allege possible future actions and should therefore be stricken.

54.   The allegations contained within paragraph 54 of the plaintiff's Complaint constitute a statement of the case to which no response is required from these defendants. To the extent that the allegations contained within paragraph 54 are deemed to constitute allegations of fact, those allegations are denied by all defendants.

**COUNT TEN**
**VIOLATION OF 42 USC § 1983 v. DEFENDANT SCHNYER**
**(Supervisory Liability Theory)**

55.   The defendants repeat their responses to paragraphs 1 through 54 and incorporate the same herein as if fully set forth.

56.   The defendants admit that during the relevant period the individual police officers of the Town of Whitman were under the authority and command of the defendant, John Schnyer, Chief of Police of the Town of Whitman. The defendants deny the remaining allegations contained within paragraph 56 of the plaintiff's Complaint.

57.   Denied.

58.   Denied.

59.   Denied.

60.    Denied.

61.    Denied.

## THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL COUNTS.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendants and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

The defendants state that the plaintiff's Complaint should be dismissed on the basis that the plaintiff has failed to properly give the required notice pursuant to M.G.L. c. 258, § 4.

### Third Affirmative Defense

The defendants state that the plaintiff's alleged damages and injuries were caused by a person or persons for whose conduct the defendants are and were not legally responsible.

### Fourth Affirmative Defense

The defendants state that the plaintiff's alleged damages and injuries were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence on the part of the defendants, said negligence being specifically denied, wherefore the plaintiff's Complaint is barred pursuant to the provisions of M.G.L. c. 231, § 85.

### Fifth Affirmative Defense

The defendants state that the negligence of the plaintiff contributed to and was a cause of any damages or injuries as alleged and such damages, if any, should be diminished in accordance with M.G.L. c. 231, § 85.

### Sixth Affirmative Defense

If the plaintiff sustained any injury as alleged in the plaintiff's Complaint, such injury was caused by the intervening and superseding acts of a third person, whose acts the defendants did not and reasonably could not foresee.

7

## Seventh Affirmative Defense

The plaintiff's claims are barred by the applicable Statute of Limitations.

## Eighth Affirmative Defense

The plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure for insufficient process.

## Ninth Affirmative Defense

The plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

## Tenth Affirmative Defense

The defendants deny that they acted negligently, maliciously, willfully, wantonly, recklessly or were grossly negligent in any respect.

## Eleventh Affirmative Defense

The defendants state that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law because the defendants' conduct, at all relevant times, was in good faith, without malice and not in disregard of settled principles of constitutional law.

## Twelfth Affirmative Defense

The defendants state that they were privileged in their conduct and acts and therefore the plaintiff's claims should be dismissed.

## Thirteenth Affirmative Defense

The defendants state that the plaintiff's Complaint should be dismissed against the defendants on the basis that the acts complained of constitute discretionary functions to which the defendants are entitled to qualified immunity.

## Fourteenth Affirmative Defense

The plaintiff's claims alleging interference with plaintiff's constitutional rights should be dismissed on the basis that such interference, if any, was insubstantial and insignificant.

### Fifteenth Affirmative Defense

The defendants state that this action is frivolous in nature and advanced in bad faith by the plaintiff, wherefore the defendants claim their reasonable costs and attorneys' fees incurred in defending this suit.

### Sixteenth Affirmative Defense

The defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under M.G.L. c. 12, §§ 1 or H.

### Seventeenth Affirmative Defense

The defendants state that they cannot be held liable for violating the plaintiff's civil rights because no official or unofficial policy, ordinance, regulation or decision resulted in a deprivation of the plaintiffs' constitutional rights.

### Eighteenth Affirmative Defense

The defendants state that the plaintiff by his conduct and activities is estopped from recovery of any judgment against the defendants.

### Nineteenth Affirmative Defense

The defendants states that the plaintiff is unable to recover against the defendants because the defendants had no ulterior or illegitimate purpose.

### Twentieth Affirmative Defense

The defendants state that the plaintiff is unable to recover against the defendants because the plaintiff is unable to show that he incurred actual damages.

### Twenty First Affirmative Defense

The defendants state that the plaintiff's claims must fail because there was no deprivation of the plaintiff's constitutional or statutory rights by threat, intimidation or coercion.

### Twenty Second Affirmative Defense

The defendants state that their actions were neither the proximate nor actual cause of any damages suffered by the plaintiff; therefore, the plaintiff's claims against the defendants should be dismissed.

### Twenty Third Affirmative Defense

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the plaintiff's Complaint which bear on a state or federal question.

### Twenty Fourth Affirmative Defense

The defendants state that they acted with reasonable cause, in good faith and with reasonable belief in the legality of their actions.

### Twenty Fifth Affirmative Defense

The defendants state that the plaintiff's claims against the defendants should be dismissed because the defendants did not commit an unreasonable, substantial or serious interference with the plaintiff's constitutional rights.

### Twenty Sixth Affirmative Defense

The individual defendants state that they are immune from liability pursuant to M.G.L. c. 258, § 2 because at all relevant times they were public employees.

### Twenty Seventh Affirmative Defense

The defendants state that the plaintiff's alleged injuries and damages were so insignificant and insubstantial that the plaintiff's claims should be dismissed.

### Twenty Eighth Affirmative Defense

The defendant states that there was probable cause for the arrest of the plaintiff on or about June 5, 2004 and that the plaintiff was reasonably detained.

WHEREFORE, the defendants request that this Honorable Court:

1.   Enter judgment for the defendants and against the plaintiff on each Count of the plaintiff's Complaint;

2.   Dismiss the plaintiff's Complaint;

3.   Award the defendants their costs, including attorneys' fees, incurred in connection with defending this action; and

4.     Award the defendants such other and further relief as this Court deems appropriate.

## THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL COUNTS.

> Respectfully submitted,
> By the defendants,
> Town of Whitman, James Stone, Jr.,
> Matthew Poore, Stephen Drass, Peter
> Aitken, Scott Benton, Andrew Stafford,
> Jason H. Bates, and John Schnyer,
> By their attorneys,
>
> John J. O'Brien, Jr.
> BBO# 375885
> Francis S. McGurrin, Esq.
> BBO# 630847
> O'Brien & von Rosenvinge
> 27 Mica Lane, Suite 202
> Wellesley, MA 02481
> (781) 239-9988

DATED: 9/15/4

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants hereby certify that on the _17th_ day of September, 2004, a true copy of Defendants' Answer to the Plaintiff's Complaint and Jury Demand, was forwarded by first class mail, postage pre-paid, to the following counsel of record:

Robert S. Sinsheimer, Esq.
Susan E. Sivacek, Esq.
Sinsheimer & Associates
Four Longfellow Place, Suite 3501
Boston, MA 02114-9505

John J. O'Brien, Jr.

11