UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM NORTON,<br>            Plaintiff,<br><br>v.<br><br>TOWN OF WHITMAN,<br>JAMES STONE, JR., MATTHEW POORE,<br>STEPHEN DRASS, PETER AITKEN,<br>SCOTT BENTON, ANDREW STAFFORD,<br>JASON H. BATES, and JOHN SCHNYER,<br>            Defendants. | )<br>)<br>)<br>)   C.A. No. 04-11854 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT COUNTS SEVEN AND NINE, PURSUANT TO FED.R.CIV.P. 12(b)(6)

NOW COME the defendants in the above-captioned matter and respectfully request that this Honorable Court dismiss the plaintiff's claims asserted in Counts Seven and Nine contained within the plaintiff's Complaint against the defendant, Town of Whitman, for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). As grounds for this Motion, the defendants state as follows:

The plaintiff, William Norton, has brought this case alleging causes of action for civil rights violations, conspiracy, false imprisonment, malicious prosecution, negligence and intentional infliction of emotional distress arising from the plaintiff's arrest by Town of Whitman police officers on or about June 5, 2004 on charges of possession of stolen property in violation of M.G.L. c. 266, § 60A. The defendants deny all such allegations and assert that there was probable cause for the plaintiff's arrest.

In Count Nine of his Complaint, the plaintiff alleges a claim of negligence against the defendant, Town of Whitman, and describes the Count as "inactive" due to the plaintiff's failure

to make proper presentment of his claim, pursuant to M.G.L. c. 258, § 4. As the plaintiff concedes, a prerequisite for any claim of negligence asserted against a municipality is a presentment letter forwarded pursuant to M.G.L. c. 258, § 4. The plaintiff has failed to make the proper presentment; therefore, his claims asserted against the Town of Whitman, be they active or inactive, should be dismissed for failure to state a claim upon which relief may be granted.

In Count Seven of his Complaint, the plaintiff alleges a claim of vicarious liability against the defendant, Town of Whitman. To the extent that the vicarious liability claims pertain to the alleged constitutional violations by the individual defendants as alleged in Counts One, Two, Three, and Four, such claims fail to state a claim upon which relief may be granted because a municipality cannot be held vicariously liable for constitutional violations on the part of its employees, except where the claim is asserted directly against the municipality and is based upon a failure to train. See City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed. 2d 412 (1989) (interpreting 42 USC § 1983); Sheehy v. Town of Plymouth, 948 F.Supp. 119 (D.Mass. 1996) (interpreting M.G.L. c. 12, §§ 11H and 11I). To the extent that the plaintiff's vicarious liability claims pertain to the causes of action asserted against the individual defendants in Counts Five, Six and Eight of the plaintiff's Complaint, such claims fail to state a claim upon which relief may be granted because a municipality cannot be held vicariously liable for claims arising out alleged intentional torts on the part of its employees, including false imprisonment, malicious prosecution and intentional infliction of emotional distress. M.G.L. c. 258, § 10©).

WHEREFORE the defendants respectfully request that this Honorable Court dismiss the claims asserted against the defendant, Town of Whitman, in Counts Seven and Nine of the plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to

Fed.R.Civ.P. 12(b)(6).

## "REQUEST FOR ORAL ARGUMENT."

### Certificate of Local Rule 37.1

I, John J. O'Brien, Jr., attorney for the defendants, hereby certify that the provisions of Local Rule 37.1 have been complied with.

> Respectfully submitted,
> By the defendants,
> Town of Whitman, James Stone, Jr.,
> Matthew Poore, Stephen Drass, Peter
> Aitken, Scott Benton, Andrew Stafford,
> Jason H. Bates, and John Schnyer,
> By their attorneys,
>
> John J. O'Brein, Jr.
> BBO# 375885
> Francis S. McGurrin, Esq.
> BBO# 630847
> O'Brien & von Rosenvinge
> 27 Mica Lane, Suite 202
> Wellesley, MA 02481
> (781) 239-9988

DATED: 9/15/4

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants hereby certify that on the 15th day of September, 2004, a true copy of Defendants' Motion to Dismiss Plaintiff's Claims against the defendant, Town of Whitman, pursuant to Fed.R.Civ.P. 12(b)(6), was forwarded by first class mail, postage pre-paid, to the following counsel of record:

Robert S. Sinsheimer, Esq.
Susan E. Sivacek, Esq.
Sinsheimer & Associates
Four Longfellow Place, Suite 3501
Boston, MA 02114-9505

_____
John J. O'Brien, Jr.