UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM NORTON<br>Plaintiff<br><br>v.<br><br>TOWN OF WHITMAN,<br>JAMES STONE, JR.,<br>MATTHEW POORE,<br>STEPHEN DRASS,<br>PETER AITKEN,<br>SCOTT BENTON,<br>ANDREW STAFFORD,<br>JASON H. BATES,<br>JOHN SCHNYER<br>Defendants. | C.A. NO. 04-11854 JLT |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT COUNTS SEVEN AND NINE, PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff in the above-captioned action, William Norton, respectfully requests this court to deny Defendant's Motion to Dismiss Counts Seven and Nine of Plaintiff's Complaint for the following reasons.

1. <u>Count Nine: Negligence Pursuant to M. G. L.c. 258, § 4</u>

Count Nine of Plaintiff's complaint alleges claims of negligence as against the Town of Norton. Plaintiff recognizes that, pursuant to Mass. Gen. Laws. ch. 258, § 4, a "civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer . . . ." Plaintiff has brought claims against the Town of Norton and the individual officers under several theories of law other then chapter 258, including claims under 42 U.S.C. 1983, false imprisonment and malicious prosecution; claims which do not have similar statutory

conditions precedent to recovery. Plaintiff included Count Nine in his Complaint so that the defendants and the court would be on notice of this future amendment. As defendants correctly state, plaintiff styled his claims of negligence pursuant to chapter 258 as "inactive" counts in contemplation of proper presentment of his claim. Plaintiff has, in fact, made such presentation, copy appended.

Plaintiff states that Count Nine ought remain inactive until the expiration of the six month period, at which time, plaintiff shall amend the complaint to render the count active. In the event this court grants defendants' motion to dismiss this count as premature, plaintiff requests that the dismissal be without prejudice and plaintiff shall amend the complaint at the proper time.

2. Count Seven: Vicarious Liability

Plaintiff has, in this count, brought claims for vicarious liability as against the Town of Whitman. Plaintiff acknowledges that the defendants accurately state the current law in their discussion of Count Seven but opposes the motion to dismiss this count where plaintiff has alleged failure to train and where municipalities should be vicariously liable for the misdeeds of their employees. See Board of the County Commissioners of Bryan County v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1401, (1997) (Breyer, J. dissenting).

WHEREFORE, the plaintiff William Norton, respectfully requests this court to DENY the defendants' motion to dismiss Counts Seven and Nine.

RESPECTFULLY SUBMITTED,
WILLIAM NORTON

By his attorneys,

Robert S. Sinsheimer, Esq., BBO # 464940
Susan E. Sivacek, Esq., BBO # 644771

2

Sinsheimer & Associates
Four Longfellow Place, Suite 3501
Boston, MA 02114-9505
(617) 722-9954

Dated: September 23, 2004

## CERTIFICATE OF SERVICE

I, Susan E. Sivacek, Esq., hereby certify that I have served a true copy of the above document on John J. O'Brien, Jr. at O'Brien & Von Rosenvinge, P.C., 27 Mica Lane, Suite 202, Wellesley, MA by Facsimile and Express (Overnight) Mail on September 23, 2004.

_____
Susan E. Sivacek, Esq.

# SINSHEIMER AND ASSOCIATES
## COUNSELLORS AT LAW
4 LONGFELLOW PLACE
SUITE 35 01-06
BOSTON, MASSACHUSETTS 02114
www.sinsheimerlaw.com

Telephone
617-722-9954
617-227-2800
Facsimile
617-973-1562

Robert S. Sinsheimer, Esq.
rsinsheimer@sinsheimerlaw.com

Susan E. Sivacek, Esq.
ssivacek@sinsheimerlaw.com

September 27, 2004

**By Certified Mail, Return Receipt Requested**

Pamela A. Martin, Clerk
Town Hall
54 South Avenue
P.O. Box 426
Whitman, MA 02382

RE: DEMAND FOR RELIEF UNDER M.G.L. c. 258 ON BEHALF OF WILLIAM NORTON

Dear Sir/Madam,

This office represents William Norton. This letter is intended to be a demand for relief, as that term is construed in Massachusetts General Laws Chapter 258.

On or about Saturday, June 5, 2004, at approximately 9:00 p.m., the plaintiff, Mr. Norton, parked his car in a parking lot of a 7-Eleven convenience store located at the intersection of Routes 14 and 18 in Whitman, Massachusetts. Mr. Norton's car was in a legal parking space. At no time was Mr. Norton engaged in any type of illegal activity.

Two auxiliary police officers employed by the Town of Whitman, Officers Stone and Poore, approached Norton and started to ask him questions. Officers Stone and Poore had observed two Sentry strong boxes and a charm bracelet in a grass field somewhere in front of Norton's car. Norton denied any knowledge of these items, other than seeing them in his headlights when he pulled into the parking space.

Other police officers from the Town of Whitman appeared on the scene, including Drass, Benton, Aitken and Stafford. In absence of any probable cause, certain of the officers conducted a search of Norton's car which failed to reveal anything of significance. Mr. Norton was handcuffed, placed under arrest and charged with receiving stolen property over $250.00.

A hearing was held on or about July 30, 2004. The court ultimately dismissed the charge against Mr. Norton for lack of probable cause.

Mr. Norton asserts that the Town of Whitman, by certain of its officers, agents, servants

and employees, has been negligent and reckless in the exercise of its duties and obligations toward our client, Mr. Norton. This negligence has been a legal proximate cause of substantial injury to Mr. Norton.

The negligence of the Town of Whitman includes, but is not limited to, negligent failure to train employees concerning the legal definition of probable cause; negligent supervision of individual police officers, including and especially auxiliary police officers, by Chief Schnyer and negligent and reckless failure by individual officers to obtain all relevant information during an investigation.

The notice requirements of General Laws M.G.L. c. 258 are intended to promote settlement. Therefore, pursuant to M.G.L. c. 258, you are entitled a period of six months to respond to this letter, after which time suit may be filed.

We look forward to your response.

Very truly yours,

Robert S. Sinsheimer, Esq.