UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM NORTON ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TOWN OF WHITMAN, ) <br> JAMES STONE, JR., ) <br> MATTHEW POORE, ) <br> STEPHEN DRASS, ) <br> PETER AITKEN, ) <br> SCOTT BENTON, ) <br> ANDREW STAFFORD, ) <br> JASON H. BATES, ) <br> JOHN SCHNYER ) <br> Defendants. ) | C.A. NO. 04-11854 JLT |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT PARAGRAPHS 30 AND 31

Plaintiff, William Norton, respectfully submits his opposition to the Defendants' Motion to Strike Paragraphs 30 and 31 of Plaintiff's Complaint. As reason in support thereof, plaintiff states that the allegations within these paragraphs are relevant and material to plaintiff's claims against the Town of Whitman pursuant to 42 U.S.C. 1983 and are necessary factually to demonstrate plaintiff's claims of a pattern and practice of causing individuals to be arrested in the absence of probable cause.

It is well established that policies or customs that deal with situations which law enforcement officers repeatedly encounter may be a basis for municipal liability where the policies or customs are unconstitutional or cause constitutional violations. See Monell v. Department of Social Services, 436 U.S. 658 (1978). A plaintiff may prove a "custom" by evidence of a widespread practice that, although not authorized by written law or express

municipal policy, is so prevalent and well-settled as to constitute a custom with the force of law. Id. at 691.

Similarly, where plaintiff can prove that the violation of his constitutional rights was caused by acquiescence by policy-making municipal officials in previous unconstitutional conduct by municipal employees, the municipality may be held liable for the constitutional violation. See Bordanaro v. McLeod, 871 F.2d 1151 (1st Cir. 1989).

Paragraphs 30 and 31 of the plaintiff's complaint reference an incident that occurred two months subsequent to the incident involving the plaintiff where Town of Whitman police officers caused the arrest of two young boys who were skateboarding. Plaintiff is entitled to introduction of this evidence as probative of the Town's policy of ignoring heavy handed and abusive actions of its police officers. See Foley v. City of Lowell, 948 F.2d 10 (1st Cir. 1991). Plaintiff further asserts that this evidence is also probative of the Town's failure to train police officers with respect to the standard of probable cause for arrest. See e.g. City of Canton v. Harris, 489 U.S. 378 (1989).

WHEREFORE, plaintiff respectfully requests that this court DENY the defendant's motion to strike paragraphs 30 and 31 of the Complaint.

RESPECTFULLY SUBMITTED,
WILLIAM NORTON

By his attorneys,

_____
Robert S. Sinsheimer, Esq., BBO # 464940
Susan E. Sivacek, Esq., BBO # 644771
Sinsheimer & Associates
Four Longfellow Place, Suite 3501
Boston, MA 02114-9505
(617) 722-9954

Dated: September 23, 2004

2

CERTIFICATE OF SERVICE

    I, Susan E. Sivacek, Esq., hereby certify that I have served a true copy of the above document on John J. O'Brien, Jr. at O'Brien & Von Rosenvinge, P.C., 27 Mica Lane, Suite 202, Wellesley, MA by Facsimile and Express (Overnight) Mail on September 23, 2004.

                                                      Susan E. Sivacek, Esq.